GEORGE T. KIRK, Administrator, v. WABASH RAILROAD COMPANY, Appellant.

Division One, June 1, 1915.

NEGLIGENCE: Action By Administrator. Where the decedent, negligently killed by defendant's train, was survived by neither wife nor children, and there is neither allegation nor evidence that he was survived by any one competent to take under him under the laws of descent, a judgment for damages in favor of his administrator, in an action brought under section 5425, Revised Statutes 1909, cannot stand. [Following and approving Troll v. Gaslight Co., 182 Mo. App. 600.]

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller*, Judge.

REVERSED (*with directions*).

*J. L. Minnis* and *Robertson & Robertson* for appellant.

(1)   There was no evidence that the decedent left any next of kin, and therefore there could be no recovery.  Hegberg v. Railroad, 164 Mo. App. 514; Johnson, Admr., v. Mining Co., 171 Mo. App. 134; Troll v. Gaslight Co., 182 Mo. App. 600.   (2)   It was incumbent upon the plaintiff to prove that the decedent left heirs direct or collateral, who would be entitled to the decedent's real and personal property, under the laws of descent and distribution.   It cannot be presumed that a person dying leaves heirs capable of inheriting. It seems readily apparent that a suit by the administrator, under section 5425, is as the trustee of an express trust, and that the beneficiaries are those entitled to take by the laws of descent and distribution. The statute requires a distribution according to such laws, and under the decisions of this court (Boyd v. Railroad, 249 Mo. 110) damages are a penalty and for pecuniary loss.   This court has never in any reported case applied the statute as being anything but a penal and compensatory statute for the benefit of some definite person, the damages to be gauged by the loss of the benecifiary.  If there can be no distribution because of lack of beneficiaries, it seems apparent that there can be no recovery, because there being no one to take the amount of recovery, then no right to recover exists.  *Actio personalis mortuir cum persona* is the common-law rule and this statute must be strictly construed with no extension of its terms beyond the limitations therein prescribed.   Barker v. Railroad, 91 Mo. 86; Clark v. Railroad, 219 Mo. 538, 539; Casey v. Transit Co., 205 Mo. 721.

*Aubrey R. Hammett* for respondent.

We allege in our petition "that by virtue of the provisions of section 2864, Revised Statutes 1899, and amendments thereto, this plaintiff is entitled to recover against the defendant, as a penalty, to be dis-

tributed according to the law of descent and distribution the sum of not less than two and more than ten thousand dollars for the killing of deceased as aforesaid.'' It is admitted in appellant's abstract that deceased had no children, natural born or adopted. This admission, with the proof of death of the wife at the same instant Allen Wilcox was killed, that Allen Wilcox was of mature years, and the appointment of plaintiff as administrator, brings plaintiff within the fourth provision of the section 5425. We only need to read the fourth clause of Sec. 332, R. S. 1909, to conclude that it is not incumbent upon plaintiff to prove those in existence who would come under that section, because it is next to impossible, if not quite so, to imagine a case where the amount recovered could not be distributed thereunder. Besides, the Damage Act has nothing to do with this distribution, it only undertakes to say that it shall be governed by the law of descents, and does not say there must be in existence next of kin to the deceased. There is good reason for that, too. Under the ruling of this court In Banc in the recent case of Boyd v. Railroad, the recovery in a case like the one at bar could only be as a penalty, there being no one who suffered any pecuniary loss; therefore, no compensatory recovery; the award of a penalty could only be for the purpose of punishing the negligence and this negligence should not go unpunished because the deceased whose life was taken by reason of such negligence left no next of kin to receive the award. Furthermore it is presumed that a person dying leaves heirs capable of inheriting and that presumption can only be overcome by proof. 14 Cyc. 99; 22 Am. & Eng. Ency. Law (2 Ed.), 1291; Daudt v. Music, 9 Mo. App. 169; In re Taylor, 20 N. Y. Supp. 960; In re Clark, 116 N. Y. Supp. 101; Harvey v. Thornton, 199 Ill. 217.

BLAIR, J.—Respondent instituted this action in the Randolph Circuit Court to recover damages for the

death of his intestate, Allen Wilcox, who was struck and killed by one of appellant's trains on a street crossing in the village of Renick, Missouri. There was a verdict for appellant, which the trial court set aside on the ground that it had erred in giving and refusing instructions. This appeal is from that order.

Appellant contends (1) there was no error committed against respondent in the trial, and (2) that there was a total failure of evidence in several respects, and that, on both of these grounds, the order granting the new trial should be reversed and the trial court directed to reinstate the verdict and enter judgment thereon.

A number of questions are presented by the briefs, but there is one which is determinative of the case, and it alone need be considered.

The action is brought under section 5425, Revised Statutes 1909, and it was admitted on the trial that decedent left neither wife nor children. There was neither allegation nor evidence that he was survived by any one competent to take under him under the law of descents in this State. In view of this condition of the record, appellant contends that no case was made out and that its demurrer to the evidence should have been sustained.

The question thus presented has been decided (since this appeal was taken) by the St. Louis Court of Appeals. [Troll v. Gas Light Co., 182 Mo. App. 600.] The question arose in that case upon a demurrer to the petition, but the principle announced is applicable here. The authorities are collated and discussed and an examination of the opinion satisfies us that the correct conclusion was reached.

The thoroughness of the discussion by ALLEN, J., and our approval of what is said by him, render unnecessary a detailed consideration of the question presented.

The order granting the new trial is reversed with directions to reinstate the verdict and render judgment thereon.  All concur.