By the Court.
 

 This was an action for the wrongful death of Louis Maretto, and was brought by his
 
 *368
 
 administrator, the plaintiff in error, under favor of Sections 10770 and 10772, General Code, for the benefit of dependent next of kin, brothers and sisters of decedent, residing' in the kingdom of Italy. Upon the motion of defendant in error, a verdict was directed for him upon the opening statement of counsel, and judgment entered, which judgment was affirmed,by the Court of Appeals.
 

 The plaintiff in error was plaintiff below. The opening statement of counsel for plaintiff disclosed that the dependent next of kin were not present in court, but were in Italy, and that therefore he would not be able to prove as of that day and hour that they were still living, or that they had not, within the month, arisen from a state of financial dependence to that of financial independence.
 

 The opening statement of counsel for the defendant disclosed that, in so far as he knew, the dependent next of kin were still in full life.
 

 The statement of counsel for the plaintiff in error was not as complete, perhaps, as the facts warranted, in view of the statements made in argument in this court that he had present in court at the time of trial a witness who had seen the dependent next of kin in the kingdom of Italy within the month, and who would testify of their physical infirmities and financial dependence. But at least it may be said of the statement that it did not negative the ability of the plaintiff in error to prove that the next of kin were living and dependent at the last date it was reasonably possible to prove such facts without bringing such dependents from Italy to this country as witnesses. Proof of the fact that they were so living at such time would give rise to the rebuttable pre
 
 *369
 
 sumption that they continued to live; and proof of the fact that they were at such time dependent, together with proof of their physical infirmities, their history, and their financial inability to attend at the trial, might well afford a reasonable rebuttable inference of present dependency.
 

 We therefore .reach the conclusion that the statement of counsel for plaintiff in error, supplemented by the statement of counsel for the defendant in error, did not warrant a directed verdict by the court at that stage of the trial. The judgment will be reversed, and the cause remanded.
 

 Judgment reversed and cause remanded.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.