Alvy S. ACTON, Administrator of the Estate of Baby Trumbo, deceased, Appellant,

v.

Della S. SHIELDS, Administratrix of the Estate of Merle Lawrence Shields, deceased, and Herbert Leslie Wohlgemuth, Jr., Respondents.

No. 50523.

Supreme Court of Missouri,

Division No. 1.

Jan. 11, 1965.

Motion for Rehearing or for Transfer to Court En Banc Denied Feb. 8, 1965.

Spencer, Hines & Petri, Columbia, Jack C. Jones, Carrollton, for plaintiff-appellant.

Christian Stipp, Carrollton, and Skelton & Bradley, Newton R. Bradley, Lexington, for respondent Shields.

Somerville & Cleaveland, Ronald L. Somerville, Chillicothe, for respondent Wohlgemuth.

WELBORN, Commissioner.

This action was brought by the administrator of the estate of Baby Trumbo seeking, on behalf of the persons entitled to the proceeds thereof under the laws of descent of the State of Missouri, $25,000 damages for the alleged wrongful death of Baby Trumbo, a child en ventre sa mere. Defendants' motions to dismiss on the grounds that the petition failed to state a cause of action were sustained by the trial court. This appeal followed. We have jurisdiction by reason of the amount of damages sought.

The petition alleged that the plaintiff was the administrator of the estate of Baby Trumbo; that Baby Trumbo "was a child en ventre sa mere and was a person in being whose existence is recognized by law"; that Baby Trumbo died on October 13, 1962, from injuries sustained on that date when an automobile, in which the plaintiff's decedent's pregnant mother, Carolynn Kaye Acton Trumbo, was a passenger, and which was operated by her husband, Billie Dean Trumbo, on U.S. Highway 65 in Carroll County, Missouri, collided with an automobile driven by Merle Lawrence Shields. The petition charged that Shields and defendant Herbert Leslie Wohlgemuth were guilty of negligence evidencing such a reckless disregard for the rights of others as to indicate willful and wanton misconduct. Essentially Shields and Wohlgemuth were charged with engaging in a racing contest with one another.

The petition alleged that Baby Trumbo left surviving no spouse or minor child and that plaintiff brought the action "for the benefit of the persons entitled to the proceeds thereof under the laws of descent of the state of Missouri, namely Alvy S. Acton, grandfather; Bessie J. Acton, grandmother; Marilynn Faye Acton, aunt; Anna Belle Trumbo, grandmother; Bill Trumbo, grandfather; Jerry Wayne Trumbo, uncle; Audrey Gail Trumbo, aunt; Ruby Jane Trumbo, aunt; Johnny

Ray Trumbo, uncle; and Dianna Kaye Trumbo, aunt."

The petition further alleged that the beneficiaries had been "deprived of the decedent's services, society, companionship and other contribution to their well-being." The petition asked for compensatory damages and additional damages by reason of the aggravating circumstances attending the death of plaintiff's decedent, all in the sum of $25,000.00.

The defendants filed motions to dismiss plaintiff's petition, asserting that on numerous grounds the petition failed to state a cause of action. The trial court sustained the motions and by its memorandum in connection with its order stated that the petition alleged no more than that Baby Trumbo was deceased and did not allege that at the time of the alleged death the unborn child was viable, alleging only that said baby was en ventre sa mere; "that death of unborn child through wrongful act of another cannot, in law be the basis of suit for damages, under rule pronounced in Vitale v. Biando, Mo.App., 52 S.W.2d 24."

On this appeal appellant contends that the petition contained the elements of a cause of action under the wrongful death statute and that Baby Trumbo was a person within the meaning of that act. Section 537.080, RSMo 1959, V.A.M.S. The appellant asserts that proper and logical extension of the doctrine of Steggall v. Morris, 363 Mo. 1224, 258 S.W.2d 577, 581, in which the court en banc held, overruling Buel v. United Rys. Co., 248 Mo. 126, 154 S.W. 71, 45 L.R.A.,N.S., 625, to the contrary, that an action by parents would lie for wrongful death resulting from prenatal injuries to a viable infant subsequently born alive, would admit of the action in this case under the Missouri wrongful death act.

Respondents would support the judgment below on two bases. The first is that the petition failed to allege facts showing that the persons for whose benefit suit was brought suffered pecuniary loss by reason of the death of Baby Trumbo. The second is that the petition did not allege facts showing that Baby Trumbo was a "person" within the meaning of the Missouri wrongful death statute.

The Missouri wrongful death act, Section 537.080, authorizes recovery for wrongful death by or on behalf of specified beneficiaries as follows: (1) By the husband or wife of the deceased; or (2) If there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased, whether such minor child or children of the deceased be the natural born or adopted child or children; or (3) If such deceased be a minor and unmarried, whether such deceased be a natural born or adopted child, then by the father and mother; or (4) If there be no husband, wife, minor child or minor children, natural born or adopted as herein indicated, or if the deceased be an unmarried minor and there be no father or mother, then in such case suit may be instituted and recovery had by the administrator or executor of the deceased and "the amount recovered shall be distributed according to the laws of descent."

The petition in this case alleges that Baby Trumbo left surviving no spouse or minor child, natural or adopted. However, it does not affirmatively allege that Baby Trumbo left no mother or father surviving. That conclusion may be drawn from the allegation that the persons entitled to the proceeds for any recovery for the death of Baby Trumbo are grandparents, aunts and uncles. See Section 474.010(2) (c), RSMo 1959, V.A.M.S. Although the right of an administrator to sue should be affirmatively shown in the petition, we will not rule the petition in this case defective solely on that ground, particularly in view of the fact that it appears that the plaintiff offered to amend his petition to allege that parents did not survive Baby Trumbo, although the actual amendment was never carried out.

The Missouri wrongful death act on its original enactment (R.S. 1855, p. 647) authorized two classes of actions. The first class against certain public carriers was penal in nature. Leaman v. Campbell, 66 Express Truck Lines, Inc., 355 Mo. 939, 199 S.W.2d 359. The second class, applying generally to death caused by the wrongful act, neglect or default of another, was compensatory in nature, with the measure of recovery the pecuniary loss to the survivors resulting from the death. Domijan v. Harp, Mo.Sup., 340 S.W.2d 728; Troll v. Laclede Gas Light Co., 182 Mo.App. 600, 169 S.W. 337.

In 1955 (Laws of Mo. 1955, p. 778), the wrongful death act was amended to eliminate the penal action, leaving only a compensatory action in which aggravating circumstances attending the wrongful act resulting in death might be considered in determining damages within the $25,000 maximum. See Contestible v. Brookshire, Mo.Sup., 355 S.W.2d 36.

■ A right of action by the administrator or executor was first authorized in 1905, Laws of Mo. 1905, p. 135. It first applied only to the penal action. Crohn v. Kansas City Home Telephone Co., 131 Mo.App. 313, 109 S.W. 1068. A 1907 amendment authorized action by the personal representative for the compensatory cause of action, Laws of Mo. 1907, p. 252. The cause of action so authorized is not for the benefit of the estate of the decedent. The administrator or executor sues as trustee for the benefit of the persons entitled to share in decedent's estate under the laws of descent. Caen v. Feld, Mo.Sup., 371 S.W.2d 209; Demattei v. Missouri-Kansas-Texas R. Co., 345 Mo. 1136, 139 S. W.2d 504; McCullough v. W. H. Powell Lumber Company, 205 Mo.App. 15, 216 S.W. 803. In such actions there must be a person or persons entitled to take the estate of the decedent under the laws of descent. Johnson v. Dixie Mining & Development Co., Mo.Sup., 187 S.W. 1. Contrary to the situation with respect to the relationship

between the decedent and person or persons authorized in other categories to sue, such as a parent's suit for the death of a child (Parsons v. Missouri Pacific R. Co., 94 Mo. 286, 6 S.W. 464), there is no presumption of pecuniary loss to the beneficiaries in an action by the personal representative for the benefit of collateral heirs of the deceased. Pecuniary loss to the beneficiaries must be alleged (Lynch v. St. Louis Public Service Co., Mo.App., 261 S.W.2d 521; Williams v. Hines, Mo. App., 229 S.W. 414, 416(4, 5)) and proved (Wente v. Shaver, 350 Mo. 1143, 169 S.W. 2d 947, 145 A.L.R. 1176).

■ In an effort to meet that requirement the administrator in his petition in this case alleged that the beneficiaries had been "deprived of the decedent's services, society, companionship and other contribution to their well-being." The named beneficiaries, grandparents, aunts and uncles of the decedent, would not have been entitled as a matter of right to the services of the child had it survived. The mere possibility that some of the persons named might have acquired custody of the infant, and, by adoption or by standing in loco parentis, have succeeded to the rights of the natural parents for the services of the child is insufficient to show a reasonable probability of pecuniary benefit to the beneficiaries in the continued life of the child. The loss of society and companionship is not recognized as an element of pecuniary loss for the death of a child under our wrongful death act. Oliver v. Morgan, Mo.Sup., 73 S.W.2d 993, 997; Marshall v. Consolidated Jack Mines Co., 119 Mo.App. 270, 95 S.W. 972; Szofran v. Century Electric Co., Mo.App., 255 S.W. 2d 443. "Other contributions to (the) well-being" of the beneficiaries would likewise be required to have a pecuniary value. In our opinion, the death of the infant prior to birth would necessarily preclude any showing of a reasonable probability of pecuniary benefit to the beneficiaries by reason of the continued life of the decedent. Certainly any possibility of financial

contribution to the beneficiaries by the decedent, had the child lived, is too remote to be considered. The possibility of the beneficiaries sharing in the estate of the decedent is similarly wholly remote and speculative. See McLeod v. Tri-State Milling Co., 71 S.D. 362, 24 N.W.2d 485. We can conceive of no matter of pecuniary benefit which would be even remotely susceptible of proof in a situation such as that presented in this case where the beneficiaries to the action are grandparents, aunts and uncles of an infant who dies prior to birth.

The appellant, in his briefs in this court, has not endeavored to point out wherein the beneficiaries in this case might have suffered pecuniary loss. The appellant states that he has sufficiently alleged a showing of pecuniary loss and that the establishment of his allegations would be simply a matter of proof. The appellant states that an allegation similar to that here employed was held sufficient under the Nebraska wrongful death act in Tucker v. Draper, 62 Neb. 66, 86 N.W. 917, 54 L.R.A. 321. However, in that case the action was brought by the father of a deceased infant. Were that the situation presented, the sufficiency of the allegation insofar' as alleged loss by reason of deprivation of right to the services of the child might present a different question. Oliver v. Morgan, supra. Such is not the case here presented, however.[1]

The appellant also would imply from Cummins v. Kansas City Public Service Co., 334 Mo. 672, 66 S.W.2d 920, that actual loss is not required for the recovery by beneficiaries in the fourth class under the wrongful death act. We find no such implication in Cummins, which was concerned with the rights of surviving children to sue for the death of their father,

after the mother had sued for such death but died before recovering therefor.

Appellant asserts that in any event he is entitled to nominal damages inasmuch as he has alleged that the infant was survived by persons within the statutory classification of persons for whose benefit the action might be brought. He further asserts that the amount of such damage may be increased because of the aggravating circumstances alleged to have been involved in the wanton, willful misconduct charged to have produced the death of the decedent.

■ A right to nominal damages in wrongful death actions has been recognized in this state. Stroud v. Masek, Mo.Sup., 262 S.W.2d 47. That case involves an action by a wife for her husband's death. The law implies pecuniary loss in such cases. Steinmetz v. Saathoff, Mo.App., 84 S.W.2d 434, 437(5–7); O'Hara v. Lamb Construction Co., 200 Mo.App. 292, 206 S.W. 253. The right to nominal damages has also been recognized in actions by administrators and executors. In Morgan v. Oronogo Circle Mining Co., 160 Mo.App. 755, 141 S.W. 735, 741(12), the court stated:

"The respondent contends that there was no proof whatever of substantial damages, and that, therefore, the demurrer was properly sustained. The evidence on this question shows that the deceased left no wife, child, or children surviving him, but that the plaintiff (administrator) was his brother, and that at the time of deceased's death he was unmarried, and was over 21 years of age. After plaintiff had shown that deceased was killed by reason of the breach of the duty that defendant owed him, in the absence of evidence showing the probable amount deceased would have accumulated during his expectancy

---

1. See in this connection Graf v. Taggert, 43 N.J. 303, 204 A.2d 140, in which it was held that an action for the benefit of the parents and their other children for the wrongful death of a stillborn child, who died as a result of injuries received while en ventre sa mere, would not lie under the New Jersey wrongful death act. Recovery was denied on the basis of absence of damages. In this case we do not consider the rights of parents to sue.

in life, the plaintiff was at least entitled to a judgment for nominal damages."

In Bagley v. City of St. Louis, 268 Mo. 259, 186 S.W. 966, the action was by the administrator for the benefit of half brothers and sisters of a 51-year old decedent. In reversing the jury's verdict for plaintiff for $1,500, the court stated (186 S.W. 967):

"There was nothing in the evidence which tended to show that any of the beneficiaries received any pecuniary assistance from the deceased during his life; hence all they were deprived of was a probability of a share of the estate left by him at his death, and under the facts in this record the probable amount of such accumulation was the only matter left to the jury to consider.

\* \* \* \* \* \*

" \* \* \* There was no substantial evidence in the record upon which to base that surmise, and nothing adduced in any part of the proof afforded a reasonable basis for such an estimate of his probable earnings or his estate at the end of his life expectancy.

\* \* \* \* \* \*

"The trial judge should have directed a verdict for plaintiff for nominal damages only, under the facts shown in this record. There was a total failure of proof of any other damages."

In Wente v. Shaver, 350 Mo. 1143, 169 S.W.2d 947, 954, 145 A.L.R. 1176, the court indicated that at least nominal damages would be recoverable in an action by an executrix for the death of her sister where the decedent had rendered domestic services to her sister in exchange for room and board, the value and extent of neither of which was shown.

In allowing nominal damages in wrongful death cases, the courts of this state follow the view of the majority of the courts in this country. See Annotation, 69 A.L.R.

2d 628. However, the right to nominal damages in such actions is not universally recognized. Nominal damages are not allowed in England under Lord Campbell's Act, the statute which set the pattern generally for wrongful death statutes in this country. Franklin v. South Eastern R. Co., 3 H & N 211, 157 Eng. Reprint 448, 8 ERC 419; Duckworth v. Johnson, 4 H & N 653, 157 Eng. Reprint 997; Yelland v. Powell Duffryn Associated Collieries, Ltd., (Eng) (1941) 1 KB 519. For cases in this country disallowing nominal damages, see Armentrout v. Hughes, 247 N.C. 631, 101 S.E.2d 793, 69 A.L.R. 620; Hurst v. Detroit City Railroad, 84 Mich. 539, 48 N.W. 44; Woodcock's Admr. v. Hallock, 98 Vt. 284, 127 A. 380; Regan v. Chicago, M. & St. P. R. Co., 51 Wis. 599, 8 N.W. 292. In Martin v. Pennsylvania R. Co., 55 Ohio App. 205, 9 N.E.2d 302, the court disallowed nominal damages in an action on behalf of collateral kin who were unable to show pecuniary loss. In that case the court stated (9 N.E.2d 304): "Collateral heirs have no right to a minor's earnings or to future support. The mere fact that brothers might inherit from him or receive gifts from him in the future is remote and speculative, and inimical to the expected assertion of the instinct within us to perpetuate the race, create the family and reward it, and not collateral heirs, with means of support or future estate."

◼ The general theory of nominal damages is that they should be allowed where a right is invaded but no damage is proved. McCormick on Damages, Sec. 20, p. 85. With respect to wrongful death actions a writer has pointed out: "Since the damages are based upon the pecuniary loss of the beneficiaries, it would seem on principle to follow that, if there is no pecuniary loss, the action cannot be maintained for the recovery even of nominal damages." Tiffany, Death By Wrongful Act, 2d, Sec. 180.

◼ The allowance of nominal damages would not appear to be justified on

principle in this case. The right to be redressed is not the right of the beneficiaries to the continued life of the decedent or the decedent's right in such regard. The right to be redressed is the right of the beneficiaries to receive pecuniary benefit from the continued life of the decedent. If, as we have concluded, allegation and proof of pecuniary benefit is essential to the beneficiaries' cause of action, it logically must follow that their failure to allege and show pecuniary damage means they have failed to show the violation of any right which the action seeks to redress. Having shown no violation of the right, they are not entitled to nominal damages.

Such conclusion is not contrary to the cases in this court where it has been indicated that nominal damages should be allowed. As pointed out, Stroud v. Masek, supra, involved an action by a wife for the death of her husband. The law implies damages in such cases. In Wente, as in Morgan and Bagley, supra, the evidence raised a probability of receipt of pecuniary benefits from the decedent, but, in the absence of proof of value of such benefits, only nominal damages could be allowed. Here the case involves not a failure of proof of value of pecuniary benefits, but impossibility of proof of loss of any reasonable expectation of pecuniary benefit from the continued life of decedent. In the latter situation, there is no basis for allowing nominal damages.

Lack of damage would also preclude reliance upon that portion of the Missouri wrongful death act which permits damages to be enhanced by the aggravating circumstances surrounding the injury and death. Damages are an essential element in plaintiff's cause of action. Being unable to show such, plaintiff may not pursue his action to recover exemplary damages alone. McCormick on Damages, Sec. 83, p. 293. Our statute does not recognize a right of action for wrongful death for exclusively punitive damages.

In view of our conclusion with respect to this issue, we need not consider whether or not Baby Trumbo was a person within the meaning of the wrongful death statute.

The judgment of the trial court is affirmed.

HOUSER and HIGGINS, CC., concur

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

HYDE, P. J., and HOLMAN and HENLEY, JJ., concur.

DALTON, J., absent.