Vincent and Velma **GLIDEWELL,**
Respondents,

v.

Howard and Ann **BENNETT,**
Appellants.

No. 25856.

Missouri Court of Appeals,
Kansas City District.

April 2, 1973.

L. E. Atherton, Milan, for appellants.

Walter E. Allen, Brookfield, for respondents.

Before SHANGLER, PRITCHARD and WASSERSTROM, JJ., and WILLIAM J. PETERS, Special Judge.

WILLIAM J. PETERS, Special Judge.

This appeal is from a judgment for plaintiffs on a replevin bond. The matter in dispute was the value of certain cattle and the right of the defendant to recover that value on the replevin bond.

The defendants allege three points of error, the first two of which are essentially the same. They contend the trial court erred in allowing evidence and instructions on the issue of ownership when in fact the only proper issue was that of damages. The appellants also claim that the court abused its discretion in allowing certain features of the respondents' closing argument.

The facts of the case are these. On July 3, 1970 plaintiffs-respondents Glidewell filed their petition in replevin asserting that fifteen calves described as weighing between 550 and 625 pounds, and consisting of one red white-faced Hereford, four black white-faced and ten black, Angus, owned by them were being wrongfully detained by defendants-appellants. Respondents asserted the value of the calves at $2,625.00. They gave statutory bond, which was approved by the sheriff on July 25, 1970. The next day the sheriff and respondent Vincent Glidewell went to appellants' farm, but were unable to pick out any of the cattle from the description in the order of delivery. They then went to a farm rented by appellants for the keeping of some of their cattle and picked out thirteen calves, which respondent Vincent Glidewell identified as belonging to him. The sheriff had these calves branded and tagged for identification and then delivered them to the respondents.

On July 28, 1970, appellant filed a motion to quash the order of delivery for vagueness in the description of the calves and a motion to dismiss the petition for failure to state a cause of action. These motions, after advisement, were sustained on December 16, 1970 and the court ordered the cattle returned to appellants and, in default of delivery, that the value of the property with any damages be assessed and judgment rendered against respondents and their sureties on the replevin bond. Respondents had already sold the thirteen calves and could not trace their whereabouts.

The appellants duly moved for assessment of damages under the replevin bond, noting that the calves had already been sold, and asked for money damages in their stead. They sought $3,000 for the value of the calves, $1,000 for the taking and detention of the calves, $1,500 for attorney fees, and $5,000 in punitive damages.

Respondents moved for reconsideration of the court's order sustaining the two motions of appellants. The motion was overruled and the parties proceeded to trial before a jury on the issue of assessment of damages. After the jury was impanelled, but before the reception of evidence, appellants requested that all evidence of ownership of the cattle be excluded. The court overruled that request. It is as to this ruling and the subsequent reception of evidence and submission of instructions on ownership that constitute appellants' major complaint of error.

Appellants contend that as the court had dismissed respondents' petition, the only issue left for determination was the damages due appellants under the bond. They argue that in that determination, ownership is not at issue since by the court's orders only the right to possession had been determined and the damages ascertainable are those resulting from interference with appellants' possessory rights to the cattle.

Respondents argue that in order to assess the damages suffered by appellants the

exact nature of appellants' interest in the calves must be determined. Thus, evidence of ownership was appropriate since it defined appellants' interest in the calves.

Authority for the propositions advanced by both parties is scarce. While there are many cases which have dealt with voluntary dismissals of replevin actions, only a few seem to have presented a situation of involuntary dismissal. Perhaps that case bearing most closely on the problem presented is Dilworth v. McKelvey, 30 Mo. 149 (1860). In that replevin action a verdict was returned for defendant and the question was presented as to assessment of damages under statutory sections, predecessors to present §§ 533.110 and 533.120, RSMo 1969, V.A.M.S. The court said l.c. 153:

> We are not of opinion that this statute intended the entire value of the property to be assessed except where the defendant is the absolute owner. Where the defendant has only a special interest in the property, the jury or court should assess the value of that interest.

In that case the defendant held a lien and the court ruled the judgment should only be for the value of the lien. Further, the court noted that where the defendant's interest is such that it expires or is extinguished before judgment only costs may be assessed as damages.

This holding has been cited with approval in such cases as Robertson v. Snider, 86 S.W.2d 966 (Mo.App.1935); Weber Implement Co. v. Dunard, 181 Mo.App. 658, 164 S.W. 685 (1914), and Sanders v. Brooks, 239 Mo.App. 578, 194 S.W.2d 540 (1946). Our courts over the years have said that an action on the replevin bond should seek to evaluate the competing interests of the parties in the same property, so as to accurately assess the defendant's damages.

■ In the instant case, the dismissal of respondents' petition only determined the appellants' right to possession of the cattle. The quality of their interest in the cattle had to be determined at the trial to assess damages. Under the above Missouri decisions, appellants will not be heard to object to the admission of ownership evidence and instructions which submitted the issue of ownership to the jury. Other authorities agree. "[I]n an action on the replevin bond the defendant who was plaintiff in the replevin action may prove his ownership or title to the property. In such case, evidence bearing on title and real ownership, although not admissible in bar of the action, is admissible in an action on the bond as affecting the measure of damages." 77 C.J.S. Replevin § 321. Section 322 of the same authority states: "[T]he general rule is that where the merits of the replevin suit were not determined at the trial, great latitude is allowed in pleading defenses to the suit on the bond, and a plaintiff who has submitted to a nonsuit or dismissed the action of replevin may, when sued on the bond, prove title to the property in reduction of damages."

■ The jury's verdict found for respondents and by implication found ownership in respondents, thereby foreclosing appellants from recovering for the value of the calves taken. The interest which appellants had was less than ownership and yet entitled them to possession under the court's order. As noted, even extinguishable rights in property are entitled to nominal damages. Dilworth v. McKelvey, *supra*, 30 Mo., l.c. 153. Because under § 533.110, RSMo 1969, appellants are entitled to some damages, nominal damages should have been awarded them. Acton v. Shields, 386 S.W.2d 363 (Mo.1965); Wente v. Shaver, 350 Mo. 1143, 169 S.W.2d 947 (1943); Bagley v. City of St. Louis, 268 Mo. 259, 186 S.W. 966 (1916).

■ The other point raised by appellant is that the closing argument of respondents' counsel was prejudicial. The prejudice complained of was the argument that although appellant Howard Bennett testified that several people could identify the calves taken as his, there was some-

thing suspicious about the failure of any of them to testify. Although this sort of argument is not to be encouraged, it is not prejudicial. The trial court is allowed wide discretion in controlling the argument of counsel, and absent some clear abuse of that discretion its ruling will control. Norfolk and Western Ry. Co. v. Greening, 458 S.W.2d 268 (Mo.1970).

After this appeal was initiated, respondent Vincent Glidewell died and his co-respondent has moved to dismiss him as a party here. That motion is sustained.

The cause is reversed and remanded with directions that the trial court enter judgment in favor of appellants and against respondent Velma Glidewell in the sum of $1.00 and for costs.

All concur.