JAMES HENRY, Plaintiff in Error, *vs.* WILLIAM GIBSON, MICHAEL COLLINS AND THOMAS R. SHAW, Adm'r of JOSEPH ALEXANDER, deceased, Defendants in Error.

1. *Judgment—Execution—Motion to quash, etc.—Judgment by mistake entitled as against defendants not served, etc.*—Where plaintiff's petition alleged the indebtedness of A. B. & C., and prayed judgment against them, and judgment by clerical mistake was entitled as if against all three; but summons was served and judgment rendered and execution issued, against A. only, motion to set aside the judgment and quash the execution on the ground that the suit was now dismissed as to B. and C. would be error.

Even if the judgment were irregular, A. could not take advantage of the error when he gave his own consent thereto.

2. *Judgment against one of defendants virtually a dismissal as to the remainder, when.*—Even where all the defendants in a suit are brought into court, judgment taken by agreement against one only would be tantamount to a dismissal as to the others.

3. *Judgment by request to perfect appeal.*—Where a party requests the court to render final judgment against him, merely *pro forma*, for the purpose of perfecting his appeal to the Supreme Court, such course will not prejudice his rights.

*Error from Daviess Common Pleas.*

*James McFerran*, for Plaintiff in Error.

I. The mere filing of the petition entitled against the other parties, without summons, service, or appearance, did not constitute the commencement of a suit against them. Hence, no dismissal as to them was necessary. (See 52 Mo., 332; 34 Mo., 326; 32 Mo., 423.)

II. The judgment being taken by agreement of the parties with a stay of execution for a definite period, the defendant is estopped from setting up the pretended irregularity.

*M. A. Low*, for Defendants in Error.

I. Plaintiff instituted suit against all of the defendants by filing his petition against them.

II. It was irregular to take judgment against one defendant without finally disposing of the case as to the other defendants, for there can be but one final judgment in a cause. (2 Wagn. Stat., 1053, § 8 ; Dow vs. Rattle, 12 Ill., 303 ; Davidson vs. Bond, 12 Ill., 84; Davis vs. Tiernan, 2 How. [Miss.],

786; Dennison vs. Lewis, 6 How. [Miss.], 517; Hughes vs. Evans, 4 Sm. & M., 737; O'Hara vs. Lanier, 1 B. Mon., 100; Warren vs. Lewis, 1 B. Mon., 119; Appleton vs. Jacoby, 9 Dana [Ky.], 206.)

SHERWOOD, Judge, delivered the opinion of the court.

The plaintiff filed his petition in the Common Pleas Court of Daviess county, and alleged in such petition that the three defendants above named were indebted to him on a certain promissory note therewith filed, and judgment was prayed against them. Summons was, however, sued out and served on only one of the defendants, Joseph Alexander, who appeared, and by his consent, judgment was rendered against him alone; but the judgment was by a mere clerical mistake, entitled as if against all the defendants. At a subsequent term, Alexander filed his motion to set aside that judgment and quash the execution issued thereon, on the ground that the judgment was rendered against Alexander alone, without dismissing as to the other defendants. The execution was issued only against Alexander, and in every respect conformed to the judgment rendered. The court sustained this motion, set aside the judgment and quashed the execution, and in so doing it committed manifest error. No suit had ever been brought against any one except Alexander, nor judgment rendered, nor execution issued against any party besides him.

The mere filing of the petition, alleging the indebtedness of all the makers of the note, did not of itself make them parties to the action; as with the exception of Alexander, there was no summons issued or served on any one, nor any voluntary appearance (2 Wagn. Stat., p. 1006, § 1); and even if there had been as to the others the issuance and service of summons or a voluntary appearance, the judgment being taken by Alexander alone by agreement, would have been tantamount to a virtual dismissal as to those against whom no judgment was rendered.

But conceding that there was an error or irregularity in the proceedings, it did not lie in the mouth of Alexander to assert

it by seeking to vacate a judgment, to the rendition of which he had yielded his assent.

There is nothing in the point, that the plaintiff requested the court to render a final judgment against him when his motion for a re-hearing was overruled and his cause was dismissed for want of prosecution, as this judgment was evidently asked in order that the cause might be in the proper condition to ask redress in this court.

Judgment reversed and cause remanded. All concur