DARIUS CONRAD, Respondent, v. O. S. McCALL, Appellant.

Springfield Court of Appeals, December 16, 1920.

1. **LIMITATION OF ACTIONS:** Action not Saved from Statute by Institution of Suit Dismissed for Want of Prosecution Under Statute Extending Period Where Plaintiff ''Suffers a Nonsuit.'' Action for assault not brought within two years after cause of action accrued was barred by limitations under Revised Statutes 1909, section 1891, though within the two year period plaintiff filed suit, which was finally dismissed for want of prosecution on plaintiff's inability to get service on either of the defendants, since plaintiff did not "suffer a nonsuit" in such action within section 1900, tolling the statute of limitations where the plaintiff "suffer a nonsuit," since there was no case pending prior to dismissal for want of prosecution in view of failure to get service.

2. ———: Running of Period not Suspended by Institution of Suit in County in Which Defendant does not Live in Hope that Defendant May Be Found in County for Service. A plaintiff cannot suspend the running of limitations by bringing suit in the county of his residence adjoining that in which defendant resided in the expectation that the defendant will be found in the county in which suit is instituted and served there, under Revised Statutes 1909, section 1751, and on failure to get service cannot bring action in the other county after expiration of period of limitations on the ground that dismissal for want of prosecution in the county in which suit was first brought constituted a non-suit within section 1900, extending the running of the statute where the plaintiff suffers a nonsuit.

3. **PROCESS:** Departed Defendant Must Have Returned to Again Take up Residence in State to Authorize Service of Other Defend-

ant in Other County. A defendant who has departed from county in which suit is brought must have returned to again take up his residence therein in order that service on him may authorize serving of a defendant in other county, under Revised Statutes 1909, section 1764, providing that writs may issue to any sheriff in the State where there are several defendants residing in different counties; a mere finding of departed defendant in county of former residence being insufficient.

Appeal from Stone County Circuit Court.—*Hon. Fred Stewart,* Judge.

REVERSED.

*J. S. Davis, J. A. Sturges* and *G. W. Thornberry* for appellant.

(1) This action being for damages for an alleged assault must have been commenced within two years from the date of the alleged injury. R. S. 1909, sec. 1891. (2) Where suit is brought in the county where one defendant resides, to authorize service on a co-defendant in another county, there must be a joint liability. One cannot be made a defendant for the sole purpose of getting service on a defendant in another county. He must be a party necessary to a determination of the suit. Roark v. Actyline Co., 188 Mo. App. 252, 255; State ex rel. v. Bradley, 193 Mo. 33.

*D. S. Mayhew* and *Rufe Scott* for respondent.

No brief for respondent.—Reporter.

STURGIS, P. J.—By this suit plaintiff seeks to recover damages for an alleged assault made on him by defendant and his brother T. D. S. McCall. The assault occurred in Newton County, Missouri on September 28, 1914. T. D. S. McCall was then a resident of Newton County and the present defendant was then and thereafter a resident of McDonald County. The present suit was commenced in McDonald County, January 2, 1917,

and service was there had on defendant. The case then went to Stone County on change of venue where trial was had resulting in a verdict and judgment for plaintiff. The defendant appealed and the case is properly here for review.

It will be noticed that this suit was not commenced till more than two years after the cause of action accrued. The suit was therefore apparently barred by the two year Statute of Limitations which is applicable to this cause of action. [Sec. 1891, R. S. 1909.] This defense was interposed in the trial court and is the sole point relied on for reversal. The plaintiff sought to ward off this blow by pleading facts which would bring the case within the provision of section 1900, Revised Statutes 1909, providing that: ''If any action shall have been commenced within the times respectively prescribed in articles 8 and 9 of this chapter, and the plaintiff therein suffer a non-suit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such non-suit suffered or such judgment arrested or reversed.''

The facts relative to this defense as shown by this record are that plaintiff commenced suit in Newton County, Missouri, against both this defendant and his brother T. D. S. McCall by filing his petition alleging that both of them assaulted him in Newton County on September 29, 1914. That suit was filed in Newton County December 1, 1915, some fourteen months after the alleged assault but within the limitation period. Summons was issued returnable to the February Term, 1916, of that court but no service was had on either defendant. An alias summons was then issued in that court returnable to the June Term, 1916, of that court on which a *non est* return was likewise made. Likewise at the June Term, 1916, a *pluries* summons was issued returnable to the October Term, 1916, of that court and again no service was had. At the October Term (October 12, 1916) the circuit court of Newton county made an order ''dismiss-

ing the case for failure of plaintiff to prosecute same."
The real *status* of the matter was therefore that, as no
service had been had on any defendant and no voluntary
appearance entered, there was no *case* before the court.
The reason why no service was had on either defendant
in the Newton County case was that T. D. S. McCall, who
resided in Newton County at the time of the assult
left that county some four months before the suit was
filed there and never returned and this defendant was at
all times a resident of McDonald County. The evidence
shows that T. D. S. McCall left Newton County August
7, 1915, in conjunction with a certain widow who had sold
some property and that his whereabouts thereafter was
unknown. It is also in evidence that plaintiff, who lived
in the same town with T. D. S. McCall, knew of these facts
both at the time he commenced his suit in Newton County
and when, at his instance, the *alias* and *pluries* writs of
summons were issued at later terms of court.

Under these facts we have reached the conclusion
that plaintiff's present suit filed in McDonald County,
where defendant resided at all times, is not saved from
the bar of limitations by reason of his prior attempted
suit in Newton County. In the first place we think that
it cannot be properly said that plaintiff "suffered a non-
suit" in Newton County. The statute has been liberally
construed to include voluntary non-suits or dismissals of
pending cases; but where the court has acquired no
jurisdiction of the named defendant and is powerless to
do anything, except perhaps to clear its docket of a pre-
tended case not properly before the court, it can hardly
be said that there is a pending case. The action of that
court in dismissing that case for want of prosecution was
in effect striking it from the docket as that is all the
court could do. There was no case pending and conse-
quently no non-suit suffered.

This is a case of first impression as no precedents
except by analogy are found. We regret that we have
received no aid by brief or argument on behalf of plain-
tiff as our own research is necessarily limited. A few
cases throw some light on the proposition. Thus it is

held that while ordinarily a suit is commenced so as to stop the running of the Statute of Limitations at the time of filing the petition and suing out summons, yet if plaintiff obstructs or delays the issuance of the summons or its service till a later date, then the suit cannot be said to be pending during the interval. [White v. Reed, 60 Mo. App. 380, 388; McCormick v. Clopton, 150 Mo. App. 129, 130 S. W. 122.] In reality a suit is not pending till the court acquires jurisdiction of the defendant but when that is accomplished in orderly and timely way then by fiction of law it is said that the suit was commenced by the filing of the petition or in justice courts on delivery of the writ to the officer for service. [Heman v. Larkin, 99 Mo. App. 294, 73 S. W. 218.] The inference is that if no service is ever had no suit is commenced. It is said in Henry v. Gibson, 55 Mo. 570, 571, that: "The mere filing of a petition, alleging the indebtedness of all the makers of the note, did not of itself make them parties to the action." In White v. Reed, supra, the court said: "The principle underlying the foregoing adjudication is, that whatever may be regarded as the commencement of an action—whether it be the lodgment of the complaint with the clerk, without more; the procuring, in addition, of a writ, or the service thereof on the defendant,—such act or acts must be done in good faith and for the real, unconditional purpose of beginning an action; that, even though the plaintiff may deposit his petition with the clerk, yet, if he restrain the issue of a writ, or instruct the sheriff not to serve the same until a future time, then the action will not be treated as brought until the restraint is removed, or until the happening of the contingency."

If the plaintiff knows that the court in which he files his petition has no jurisdiction of the subject-matter of the suit or cannot acquire compulsory jurisdiction of the person of the defendant then the issuance of a summons is a futile thing and cannot breathe life into the action. It is true that the defendant might have voluntarily appeared and thereby conferred jurisdiction on the Newton County court. Or, as the suit was brought in the

county of plaintiff's residence, perchance the defendant residing in a neighboring county might be "found" in plaintiff's county and served there. [Section 1751, R. S 1909.] But when so vital a thing as the Statute of Limitations is involved we think that the plaintiff should be held to act at his peril in attempting to acquire jurisdiction in that way. As said in the Reed case, supra, the act or acts which are relied on for the commencement of the action "must be done in good faith for the real unconditional purpose of beginning an action" and not merely trusting to good luck.

If it be said that plaintiff in filing his suit in Newton County expected to get service on T. D. S. McCall, who had resided there and would likely return, in which event summons would properly go to McDonald County for this defendant, (Section 1764, R. S. 1909), then it will be seen that this was wholly contingent on T. D. S. McCall again taking up his residence in Newton County. A mere finding him there would not do. [Christian v. Williams, 111 Mo. 429, 20 S. W. 96.] Even if plaintiff so thought and expected at the time he filed his suit in Newton County, yet he knew when the first summons was returned *non est* that the expected had not happened and when the alias summons was returned *non est* a year after T. D. S. McCall had left Newton County, plaintiff ought not to have again hazarded the death of his cause of action on the fortuitous service of a *pluries* summons and which did in fact prove unavailing. The courts frown on the idea of making a third party a defendant for the purpose of acquiring jurisdiction of a non-resident. [State ex rel. v. Bradley, 193 Mo. 33, 42, 91 S. W. 483; Haseltine v. Messmore, 184 Mo. 298, 82 S. W. 115.]

The court in Donnell v. Gatchell, 38 Maine 217, under a statute somewhat similar to ours, held that when a suit was brought in a county where no defendant resided and no service had, such former suit did not suspend the running of the Statute of Limitations. It is held that the fact that the former suit in which plaintiff suffered a non-suit was brought in a Federal Court having jurisdiction of the cause and parties, that is, "brought in a proper

case in the United States Courts.'' (Shaw v. Pershing, 57 Mo. 416, 422), or is removed to a United States court after being brought in a State court and a non-suit there had (Fleming v. Southern Railway Co., (N. C.), 38 S. E. 253), does not prevent such suit from suspending the running of the Statute of Limitations; but if such suit is brought in a United States court, or any court, having no jurisdiction then such former suit has no such effect. Sweet v. Chattanooga Light Co., (Tenn.), 36 S. W. 1090, where the court said: ''An action commenced in a court having no jurisdiction to entertain it is no action, in the sense of the statute. The matter stands the same as if no suit had been brought or attempted to be brought, and the limitation runs from the day of the injury. If the action is brought in a court without jurisdiction, the whole proceeding is void and of no effect; and if it should proceed to judgment, the judgment is likewise void and without validity.''

We hold, therefore, that plaintiff's cause of action was barred by the Statute of Limitations at the time this suit was commenced and that the trial court erred in refusing to so instruct the jury. The judgment is reversed.

*Farrington* and *Bradley, JJ.,* concur.