STATE OF MISSOURI at the relation of UNITED BRICK & TILE COMPANY, a Corporation, and RAY C. BURCH, Secretary and Treasurer of said Corporation, Relators, v. EMORY H. WRIGHT, Judge of Division No. 1 of the Circuit Court of Jackson County.—95 S. W. (2d) 804.

Court en Banc, July 2, 1936.*

*NOTE: Opinion filed at the September Term, 1935, March 18, 1936; motion for rehearing filed; motion overruled at May Term, July 2, 1936.

*Flavel Robertson, Edgar Shook* and *Kenneth I. Fligg* for relators.

*D. C. Chastain, A. Z. Patterson* and *Clyde Taylor* for respondent.

LEEDY, J.—This is an original proceeding in certiorari whereby relators seek to have quashed the judgment of Division One of the Circuit Court of Jackson County, at Kansas City, in a certain cause numbered 442,333, and entitled "The State of Missouri, at the rela-

tion of William D. Pratt, plaintiff, v. United Brick Corporation and United Brick and Tile Company, each being a corporation, and Ray C. Burch, secretary and treasurer of said corporations, defendants (respondents).'' Petitioner therein was awarded a peremptory writ of mandamus compelling an inspection of the books and records of both corporate defendants (respondents).

United Brick Corporation is a holding company, and as such owns and controls the entire capital stock of United Brick & Tile Company, which latter company is the operating company, and is engaged in the business of manufacturing and selling brick and tile, and similar products, and owns some thirty-two properties, two of which are located in this State. United Brick Corporation engages in no other business than that of a holding company, and its sole source of income is by virtue of its ownership of the aforesaid stock. The officers of both corporations are in general identical, but not entirely so. Both maintain a common office in Kansas City, Missouri. Pratt, the petitioner in the mandamus suit in the circuit court, is a stockholder in the holding company. Neither the holding company, nor Ray C. Burch, as secretary-treasurer thereof (respondents in the suit below) are parties to this proceeding. The relators here are United Brick & Tile Company (the operating company), and Ray C. Burch, as its secretary-treasurer.

Relators take the position that ''the question of law raised by the facts in this case is the right of a court to disregard the separate corporate entity of a subsidiary corporation and to award to a stockholder in a parent corporation the right to examine the books and records of a subsidiary corporation in which he owns no stock, absent the allegation or finding of such facts as the court will recognize as a proper justification for disregarding the corporate entity in order to prevent fraud or injustice.'' Such proposition is admittedly one of first impression in this State, but in the view we take of the case, under the record before us, the issue to be determined is somewhat narrower than as stated.

I. At the threshold of the case, we are met with respondent's insistence that the writ was prematurely issued and should be quashed because there was no final appealable judgment in the lower court. This contention is based upon the record showing that the motions for new trial and in arrest were pending and undisposed of at the time our writ was issued. In that connection, it appears that the circuit court, on September 9, 1935, upon a hearing on its alternative writ theretofore issued, found the issues in favor of petitioner, Pratt, and rendered judgment accordingly; and on the same day, the peremptory writ so awarded was issued. It commanded the doing of the things required thereby ''immediately upon receipt of this writ and

without delay." Thereafter, on September 12, and within the time allowed by statute, defendants (respondents) therein filed their motions for new trial and in arrest of judgment. On September 17, while said motions were still pending, relators herein applied for, and were granted certiorari. Section 4579, Revised Statutes 1929 (Sec. 4579, Mo. Stat. Ann., p. 2023), expressly denies *supersedeas* on appeal or writ of error in any case of mandamus brought by stockholder to enforce his right of inspection of the corporate books. Under Section 4580, Revised Statutes 1929 (Sec. 4580, Mo. Stat. Ann., p. 2023), a corporation refusing to permit an examination after the issuance of a peremptory writ of mandamus may be placed in receivership and fined "any sum whatsoever." Relators say that the writ of mandamus was unauthorized in law, and because of the provisions of the statutes just referred to, their remedy by appeal or writ of error was inadequate, and so certiorari was properly issued. Undoubtedly the general rule is that "the writ will be refused where the proceedings in the lower tribunal are still pending and undetermined." [11 C. J., sec. 75, p. 126; State ex rel. v. Pearcy, J., 325 Mo. 335, 29 S. W. (2d) 83; State ex rel. v. Goodrich, J., 257 Mo. 40, 165 S. W. 707; State ex rel. v. Pfeffle, 220 Mo. App. 676, 293 S. W. 512.] But under the facts of this record, can it be said that the proceeding was "still pending and undisposed of" within the meaning of that rule? We think not. When our writ was granted, the circuit court had not only rendered judgment awarding a peremptory writ of mandamus, but had actually issued such writ, and it had been served. By Section 1538, Revised Statutes 1929 (Sec. 1538, Mo. Stat. Ann., p. 1722), it is provided, "A peremptory writ of mandamus shall be granted, *without delay*, for him for whom judgment shall be given, as might have been if such return had been adjudged insufficient." [Italics ours.] The judgment forms the basis of the peremptory writ, and the latter corresponds to an execution on final judgment, or a final decree perpetuating an injunction. [2 Spelling, Injunctions and Other Extraordinary Remedies (2 Ed.), p. 1447, sec. 1682.] "The peremptory writ of mandamus is the final or absolute mandate of the court, directing the performance of some official act or duty by the respondent, upon his failure to make satisfactory return to the alternative writ previously granted." [High's Extraordinary Legal Remedies (3 Ed.), p. 505, sec. 547.] The issuance and service of the peremptory writ before the expiration of the statutory time for filing motions for new trial and in arrest was dispositive of the case for all practical purposes, and operated to compel an inspection of the books with as much finality as if the motions had been formally overruled. It is perfectly clear, therefore, that the issuance of certiorari in these circumstances did not have the effect of withdrawing the case from the circuit court

at an intermediate stage, nor render it a substitute for appeal or writ of error. It does not follow that on such a record an appeal would lie, but rather the contrary would be true. We think the proceedings endowed with sufficient attributes of finality to justify the exercise of judicial discretion in granting certiorari to review the record thereof. See State ex rel. v. Mosman, 231 Mo. 474, 133 S. W. 38, wherein it was held that certiorari will lie to review the order of a State court removing the cause to a Federal court, notwithstanding such order is not a final judgment, nor reviewable by the State Supreme Court by appeal or writ of error.

II. Relators' principal contention is grounded upon the assertion that the court's findings of facts, made upon request, and in pursuance of Section 952, Revised Statutes 1929 (Sec. 952, Mo. Stat. Ann., p. 1225), are insufficient to sustain the judgment. But respondent says that question is not open in this proceeding for the reason such findings of fact constitute no part of the record proper, to which review is limited on certiorari. The statute reads: "Upon the trial of a question of fact by the court, it shall not be necessary for the court to state its finding, except generally, unless one of the parties thereto request it with the view of excepting to the decision of the court upon the questions of law or equity arising in the case, in which case the court shall state in writing the conclusions of facts found separately from the conclusions of law." Nichols v. Carter, 49 Mo. App. 401 (Kansas City Court of Appeals, 1892), cited and relied on by relators, sustains their position that findings of fact, made under the statute, supra, become a part of the record proper. However, in a later case by the same court, State ex rel. v. Lusk, 93 Mo. App. 680, 67 S. W. 711, it was said: "We know of no law that makes the special finding of the facts of a case a part of the record proper. The only way to get it into the record is to except to the finding and include both the finding and the exceptions in a bill in the usual way. Section 695, Revised Statutes 1899 (Sec. 952, R. S. 1929) was devised for the very purpose of giving a party to the suit the benefit of excepting to the decision of the court upon facts there found to exist. We are therefore not authorized to review the finding of the court upon the facts, and cannot predicate any opinion upon that part of the case."

Relators characterize Snuffer v. Karr, 197 Mo. 182, 94 S. W. 983, as the leading authority in Missouri on this question, and place much emphasis upon the following language of the opinion therein: "Where there is a finding of facts, in a case at law, and no exceptions taken thereto . . . . then we either affirm or reverse the judgment, as by our conclusions of law, we may be compelled to do, upon the facts as found by the trial court. . . . Defendants

failed to save any exception to the finding or conclusion of law, and hence we cannot look into the evidence to ascertain whether it was a proper or complete finding on the issues. But the finding of facts and conclusions of law therein become a part of the record proper, and we will examine into them to see if the findings support the conclusion although no exception is taken." To all of which the answer is that the opinion itself expressly states that the findings of fact and conclusions of law were incorporated into, and made a part of the judgment, and so, in that way, became part of the record proper.

The question was fully discussed by this court in Fruin v. O'Malley, 241 Mo. 250, 145 S. W. 437. It was there said:

"The Kansas City Court of Appeals has held that when a finding of facts is made, it becomes a part of the record proper, and the judgment may be considered as the court's conclusions of law, and reversed, if it is not properly supported by the finding of facts. [Nichols v. Carter, 49 Mo. App. 401.] In a later case by the same court, it was held that a special finding of facts could only be made a part of the record by a bill of exceptions. [State ex rel. v. Lusk, 93 Mo. App. 680.] It is undoubtedly true that the judgment and all necessary recitals therein are matters of record proper, the same as the petition, answer and reply. If a judgment is not supported by a sufficient petition, it may be reversed on appeal, without any bill of exceptions. It is necessary for judgments to contain general findings of the fact, and the judgment must follow those findings. For example, a judgment in favor of a plaintiff for one thousand dollars would be properly supported by a general finding of the court that the defendant was indebted to plaintiff in that sum; but in an ordinary action for debt, a general finding that defendant was indebted to plaintiff in the sum of one thousand dollars, would not support or authorize a judgment for two thousand dollars; and on appeal, such latter judgment would have to be reversed or modified, even though no bill of exceptions was filed.

"Section 1972, Revised Statutes 1909, provides that: 'Upon the trial of a question of fact by the court, it shall not be necessary for the court to state its finding, except generally, unless one of the parties thereto request it with the view of excepting to the decision of the court upon the questions of law or equity arising in the case, in which case the court shall state in writing the conclusions of facts found separately from the conclusions of law.'

"It is manifest that the foregoing section contemplates that when so requested, a statement or conclusion of the facts proven in the case, and the court's conclusions of law, as applied to such facts, shall be written up and filed by the trial court. This statement of law and facts has no connection with the general findings which are usually recited in the judgment itself. Both the special finding of

facts and conclusions of law should be entirely separate from the judgment, to the end that the party requesting such finding may except to the 'decision of the court on the conclusions of law or equity arising in the case.' This statute clearly means that such exceptions to the court's conclusion of law shall be saved as may be properly included in a bill of exceptions. The law never contemplates that exceptions shall be written into the record proper.

"In actions at law, where the trial court makes a special finding of facts and both parties acquiesce in such finding by neglecting to except to the same as being contrary to or unsupported by the evidence, there is no reason why the losing party by excepting to the conclusions of law, as announced on and applied to such finding of facts, should not be allowed to have the errors in such conclusions of law reviewed by an appellate court, if he preserves his exceptions to such conclusions of law by a proper bill; and this he may do without bringing up the evidence on which such finding of facts is based.

"A finding of facts in actions in equity stands upon an entirely different footing; for in that class of cases we may retry the whole case *de novo*, and disregard entirely the finding of facts and conclusions of law. [Fitzpatrick v. Weber, 168 Mo. 562.]

"The case at bar is an action at law. The special finding of facts by the trial court was not a part of the judgment. This is disclosed by the action of the appellant in filing in this court a copy of the judgment which is legally sufficient within itself, and nowhere refers to the finding of facts. The defendants have not by bill of exceptions brought to our attention any errors of the trial court in the admission or exclusion of evidence; nor in its conclusions or declarations of law. In fact, it seems no declarations or conclusions of law were given or made by the court or requested by either party. The petition is legally sufficient to support the judgment; and with the record in this condition, there is nothing for us to do except affirm the judgment of the trial court." [See, also, Perringer v. Unknown Heirs of Raub, 300 Mo. 535, 254 S. W. 703; City of Webster Groves v. Hunt (Mo. App.), 234 S. W. 1006; State ex rel. Funk v. Turner (Mo. App.), 17 S. W. (2d) 986.]

We are of the opinion that the question is not an open one, and hold the record proper does not embrace the finding of facts made by the court, but not incorporated into its judgment.

No question is raised with respect to the jurisdiction of the circuit court over the parties or the subject matter in the mandamus proceeding. Nor, as we understand relators, do they take the position the petition (the allegations of which the alternative writ follows) wholly fails to state a cause of action. It was not challenged in any manner in the court below. The question resolves itself into this: Whether under any conceivable proof that might have been made

under the recitals and allegations of the alternative writ, the basic pleading in mandamus, the judgment rendered was warranted. Touching the relationship existing between the two corporations the petition alleged, in substance, the following: That the holding company, of which plaintiff was a stockholder, owned the entire capital stock of the operating company, that the officers of the holding company elected all of the officers of the operating company, which officers were largely identical with the officers of the holding company; that the officers of the holding company dominated and controlled the operations of the operating company and dominated and controlled the keeping of corporate books of the holding company; that the holding company engaged in no other business than that exercised during control and domination of the operating company; that the sole source of income of the holding company was through its ownership of said stock; that the books and records of the operating company were the records showing the financial condition of the holding company; that the corporate records of the operating company were subject to the control of the holding company; that the books of the holding company alone did not disclose the financial operations and condition of the holding company but that the same were disclosed by the books and records of the operating company which were under the dominion and control of the officers of the holding company.

A petition, after verdict for plaintiff, must be considered as having stated all essential allegations inferable from express averments, Brock v. Mobile & O. Railroad Co., 330 Mo. 918, 51 S. W. (2d) 100. Where action is stated, though defectively, and the case tried and evidence heard without objection as though necessary fact allegations were properly alleged, the judgment cannot be assailed after verdict on ground that it was not so alleged. [Harrison v. Slaton (Mo.), 49 S. W. (2d) 31.]

We think the judgment sustainable even under such cases as Berkey v. Third Avenue Railway Co., 244 N. Y. 84, 155 N. E. 58, where the court was considering the liability of a parent corporation for a tort committed by its subsidiary. Even greater liberality would be indulged in a proceeding, such as this, to compel an examination of corporate books. The case just mentioned lays down the proposition that the test of whether or not the corporate entities of a parent and subsidiary company should be ignored is the manner in which the business is operated—the "dominion (of the subsidiary by the parent) may be so complete, interference so obtrusive, that by the general rules of agency the parent will be a principal (in the conduct of the business) and the subsidiary an agent." [See also, Martin v. Martin (Del. Ch.), 88 Atl. 612; Woodworth v. Old Second Bank (Mich.), 117 N. W. 893; Bailey v. Boxboard Co., 314

Pa. 45, 170 Atl. 127; Williams v. Freeport Co. (Tex.), 40 S. W. (2d) 817; 5 Fletcher, Cyclopedia Corporations, sec. 2228.]

The writ of certiorari having been improvidently issued, should be quashed. It is so ordered. All concur.