EARL PHILLIPS, Administrator of the Estate of AUDRA PHILLIPS, Deceased, Appellant, v. HOWARD WHITTOM and THE UNITED BISCUIT COMPANY OF AMERICA, a Corporation.—No. 39686.—192 S. W. (2d) 856.

Division Two, March 11, 1946.

*Smoot & Smoot* for appellant.

*Waldo Edwards* and *D. L. Dempsey* for respondents.

966

ELLISON, P. J.—The appellant administrator seeks reversal of an order and judgment of the ▉▉▉ circuit court of Adair county abating his cause of action under the wrongful death statutes, Secs. 3652-3656 [references to our statutes are to R. S. Mo. 1939 and Mo. R. S. A.] for the negligent killing of his intestate, Audra Phillips, on August 27, 1942, in a collision in Scotland county between the decedent's automobile and a motor truck driven by the respondent Whittom, an employee of the respondent United Biscuit Company, operator thereof.

The ultimate question in the case is whether a prior similar action which appellant had timely brought and later dismissed, tolled the special one year statute of limitations prescribed by Sec. 3656, and validated the instant suit brought thereafter. The trial court sustained respondents' pleas in abatement on written findings of fact and declarations of law, on the grounds that the first action was void, and that while appellant had brought it in actual good faith, yet he had been guilty of patent negligence and want of diligence in so doing, in consequence of which the suit did not keep the cause of action alive. This ruling was based on: Wente v. Shaver, 350 Mo. 1143, 1150(2), 1154, 169 S. W. (2d) 947, 953(3), 954(4); Krueger v. Walters (K. C. Ct. Apps.), 179 S. W. (2d) 615, 618(3-8); Metzger v. Metzger (K. C. Ct. Apps.), 153 S. W. (2d) 118, 123 (10); Mertens v. McMahon (St. L. Ct. Apps.), 115 S. W. (2d) 180, 183(2, 3); Conrad v. McCall, 205 Mo. App. 640, 226 S. W. 265, 266.

■ The facts and applicable law should be stated a little more fully. The intestate and the plaintiff and his counsel were residents of Scotland county. The respondent Biscuit Company was a foreign corporation but had a resident agent in St. Louis for the service of process. The respondent driver, Whittom, was a resident of Adair county, but appellant thought he lived in Putnam county. That county and Scotland county both adjoin Adair county. Laboring under the foregoing misapprehension, appellant first brought his suit in Putnam county on May 17, 1943, where none of the parties resided, in violation of our venue statute, Sec. 871. The action was void because of that court's lack of jurisdiction over the parties defendant. Hankins v. Smarr, 345 Mo. 973, 137 S. W. (2d) 499. He ineffectually dismissed that suit on October 22, 1943, without paying the costs, in violation of Sec. 1110. In the meantime he had filed a suit on the same cause of action in Adair county on September 13, 1943, where respondent Whittom lived. Then he dismissed both of these suits on or about February 25, 1944, again failing to pay the costs, at least in the Putnam county suit, and refiled the instant Adair county suit on March 28, 1944, getting service on both respondents.

■ In the meantime the one year statute of limitations under Sec. 3656 had run on August 26, 1943. But the statute provides if the plaintiff take a nonsuit he may commence a new action within one year thereafter. Appellant invokes that provision. The respondents rely on the Wente and Krueger cases together with the others cited in the second preceding paragraph. The rule announced in the Wente case is that if the plaintiff makes an "innocent mistake" in filing his previous action he will not be denied the benefit of the tolling provision of the statute. And a New York decision is cited, which makes the criterion "good faith." See also Johnson v. Frank, 354 Mo. 767, 191 S. W. (2d) 618, 621(4), very recently decided. Good faith, however, generally imposes a duty on the obligor to use reasonable diligence—the diligence that an honest man of ordinary prudence is accustomed to exercise. 18 Words & Phrases (Perm. Ed.) "good faith" p. 485. The defendant in the litigation also has some rights, and is entitled to complain of an unreasonable and unjust abuse of the process of the courts. Hence the Wente and Krueger cases, supra, both recognize that the negligent bringing of a void action will *not* toll the statute of limitations if the plaintiff's negligence be great enough. This is conceded, also, in Smith v. McNeal, 109 U. S. 426, 430, 431, 3 S. Ct. 319, 321, 27 L. Ed. 986, 987; but it is there indicated the negligence must be gross.

■■ The trial court's findings of fact, in addition to those already stated, were as follows. The respondent Whittom had lived in Kirksville, the county seat of Adair county, at 502 Elizabeth Street in a property which he owned and which was assessed in his name, for most of the time between September, 1940 and February, 1943.

On the date last named he moved to a farm in Adair county [the evidence indicates this farm was *close* to the Putnam county line] and thence to a farm about four miles northeast of Kirksville where ▮▮▮ he lived from September, 1943 to March, 1944. For six months before the casualty he had been employed by the respondent United Biscuit Company driving a delivery truck, whereon was prominently displayed the name "Sawyer Biscuit Company," in Adair and Scotland counties and several others. He made regular trips to Memphis, the county seat of Scotland county.

In the automobile collision respondent Whittom suffered a broken arm and a severely cut face. The coroner visited the scene and gave him first aid, then taking him back to Memphis where he remained for several hours and received further treatment. Whittom gave the coroner his name and residence as Kirksville, Missouri. An account of the collision and of the death of Audra Phillips was published in both newspapers at Memphis on that same day, each of the newspaper articles stating that the driver of the respondent Biscuit Company's truck was "Howard Whittom of Kirksville, Missouri." [This finding is partially erroneous. Only one newspaper gave the name as *Howard* Whittom; the other paper said *Harve*.]

The court further found that appellant's counsel were employed in February or March, 1943, to bring the suit; that counsel had seen one of the local newspaper accounts of the collision, which gave the name and address of respondent Whittom; that counsel knew before filing the first suit that the Sawyer Biscuit Company [whose name was on the truck] was a division of the respondent United Biscuit Company; that plaintiff's counsel never did make or cause to be made any inquiry by letter or otherwise to either of these companies concerning the name and address of the driver of the truck which figured in the collision, nor did they make inquiry as to the address of either of the companies.

The court further found that appellant's counsel did make inquiry of the manager of "Mackie's Market" in Memphis, and of the proprietor of a garage to which the wrecked truck was taken after the collision. Counsel also went to the office of one of the two local newspapers which had printed an account of the collision. As a result of his inquiries in Memphis he found no one who knew where respondent Whittom resided, and thereupon went to Kirksville and inquired of the manager of a store, who was a former resident of Memphis. Learning nothing, he made inquiry of trooper Kanan of the State Highway Patrol, who was stationed at Kirksville and was an acquaintance. Kanan did not know Whittom and counsel requested him to make an investigation. Several weeks later the trooper advised counsel that Whittom was a resident of Putnam county, and that his christian name was Harry. Neither plaintiff nor his counsel thereafter made

any effort to ascertain whether the man Whittom reported to reside in Putnam county was the one who had figured in the collision.

The foregoing was all the information counsel had received when the original suit was filed in Putnam county in May, 1943, wherein Whittom's first name was given as *Harry* in accordance with the information received from trooper Kanan. In July, 1943, counsel was advised by Kanan that the respondent Whittom did not live in Putnam county but in Adair county, and that his first name was *Howard*. Nevertheless, in the first suit filed in Adair county on September 13, 1943, Whittom's first name was shown as *Harvey*; and it was not until the third and final suit was substituted in March, 1944, that he was called by his correct name, Howard. The court further found that neither plaintiff nor his counsel made any inquiry at the post office at Kirksville, or at the offices of the city and county tax collectors; and that he made no inquiry of the sheriff or his deputies, or of the chief of police or members of the police force. The court's findings state that counsel made no inquiry of the telephone company, but he testified he did consult the telephone directory.

Appellant does not complain of the correctness of the trial court's findings of fact, except as we have indicated in the two parentheses inserted in our recital thereof. But he does challenge the conclusions drawn therefrom. As to these, he insists good faith and not, negligence is the controlling criterion; that the evidence in his behalf was uncontradicted and shows his sources of information were reliable. He contends the court gave weight to matters of little or no consequence, such as the failure to make inquiry at the offices of the postmaster, tax collector, sheriff and telephone company. And he asserts we should take judicial notice that the post office would not have given out the information sought, and that not to exceed one-fourth of the residents of a county have their names on the tax books. Finally he asserts the evidence here was much stronger in his favor than it was in the Mertens and Conrad cases cited in the eighth preceding paragraph, because there the plaintiff brought his suit in a county where he *knew* the defendant did not reside, whereas here appellant was confronted with the difficulty of locating an unknown defendant outside of his own county.

All proceedings in this cause up to the overruling of the motion for new trial were had before the new code, Laws Mo. 1943, p. 353, took effect. Respondents argue appellant is in no position to complain of the trial court's findings of fact and conclusions of law because he requested the court to state those special findings and conclusions in writing under Sec. 1103, with a view of excepting thereto. In the record here they appear in the bill of exceptions, and are not embodied in the "order and judgment." But no exceptions were saved thereto, either in writing or otherwise. The next entry after the findings and conclusions is the motion for new trial.

Respondents contend that appellant by requesting special findings of fact and conclusions of law under the statute, conceded as a matter of law that they had made a case to be decided as one of fact, and admitted there was evidence sufficient to establish every essential element of their case, Labaddie Bottoms River Protection Dist. v. Randall, 348 Mo. 867, 884(7), 156 S. W. (2d) 713, 719(6). And they further assert that appellant's failure to file exceptions to the court's separate findings of fact and the conclusions of law based thereon, gave those findings the force and effect of a special verdict on an agreed case; and if the conclusions of law on those facts were correct, the order and judgment below must be affirmed. Leavitt v. Taylor, 163 Mo. 158, 169-170, 63 S. W. 385, 387 (1).

If the findings of fact here had been embodied in the judgment, we would agree with respondents' contention on authority of Wisdom v. Keithley, 237 Mo. App. 76, 84-5(4, 5, 6), 167 S. W. (2d) 450, 453-4-5. But they were not: they were placed in the bill of exceptions where they properly belonged, but without any exceptions being saved. That being true, under the banc decision of State ex rel. United Brick & Tile Co. v. Wright, 339 Mo. 160, 166-8(II), 95 S. W. (2d) 804, 805-7, the trial court's special findings of fact are not available to appellant on this appeal, even for the purpose of inquiring whether those findings support the order and judgment entered. However, it is our opinion that the ruling in the principal case of Wente v. Shaver, supra, recognizes negligence in the institution of the action counted on to toll the statute of frauds, may defeat that purpose; and we would, if called to pass upon those facts here, be unwilling to disturb the findings and order of the trial court.

Accordingly the judgment is affirmed. All concur.