**Onyeabo EMEFIENA,
Plaintiff-Appellant,**

v.

**PARK COLLEGE,
Defendant-Respondent.**

**No. WD 35549.**

Missouri Court of Appeals,
Western District.

Sept. 25, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Nov. 27, 1984.

Application to Transfer Denied
Jan. 15, 1985.

Stanley L. Wiles, Kansas City, for plaintiff-appellant.

Ed Dougherty, Kansas City, for defendant-respondent.

Before KENNEDY, P.J., and NUGENT and BERREY, JJ.

KENNEDY, Presiding Judge.

This is an appeal by plaintiff from the trial court's dismissal of plaintiff's petition for damages against Park College, on the ground that plaintiff's claim was barred by the statute of limitations. We affirm the judgment.

The petition alleged that an agent of the defendant college in undertaking to collect $1,200 owed by plaintiff to the college had threatened to shoot him or to have the police shoot him. This threat, according to the petition, induced such emotional distress upon plaintiff, a Nigerian exchange student, that he was hospitalized for mental ailments for a two-week period and continued after that to suffer emotional problems. The tort was alleged to have occurred in June 1977, sometime before the 24th day thereof.

The present suit was commenced by filing a petition in Platte County Circuit Court on August 8, 1983, well beyond the five-year statute of limitations, § 516.120, RSMo 1969. The statute of limitations would have run its course on June 24, 1982.

Plaintiff says, however, that the statute of limitations period was extended first by a period of "insanity", during which he was a patient at Tri-County Mental Health Center in North Kansas City, Missouri, § 516.-170, RSMo 1969; and second, by a period of the pendency of an abortive lawsuit filed in Jackson County, filed on July 8, 1982, and voluntarily dismissed by plaintiff on September 16 of the same year (plus one year), § 516.230, RSMo 1969. If both extensions contended for by plaintiff are available to him, the statute of limitations would extend to September 16, 1982. As noted above, the plaintiff's lawsuit was commenced on August 8, 1983.

We will assume that the petition sufficiently alleges, as against a motion to dismiss for failure to state a cause of action, that he became "insane" as a result of defendant's alleged wrongful act, and that the 14-day period of his alleged insanity extended the statute of limitations by that length of time. *See* 54 C.J.S. Limitation of Actions § 242 (1948); *Jaime v. Neurological Association of Kansas City*, 488 S.W.2d 641, 643–44 (Mo.1973). Making that assumption, the original lawsuit, filed on July 8, 1982, was filed in time, i.e., within five years plus the 14-day period of insanity.

The next and dispositive question is whether the statute of limitations was extended by the period of the pendency of the abortive Jackson County lawsuit, plus one year. The statute upon which plaintiff relies, § 516.230, RSMo 1969, provides as follows:

If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffer a nonsuit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered or such judgment arrested or reversed....

Plaintiff says he comes within that statute. He filed his case in the wrong forum—in Jackson County, Missouri, where

there was no venue; he "suffered a nonsuit" on September 16, 1982; therefore, he had one additional year—until September 16, 1983—in which to file his lawsuit within the limitations period.

Defendant counters that plaintiff was negligent in filing his lawsuit in the wrong forum, and that a plaintiff who negligently filed his lawsuit in the wrong forum may not take advantage of the extension provided by said section 516.230.

Since the trial court considered matters outside the face of the pleadings, we treat the defendant's motion to dismiss as a motion for summary judgment and we treat the court's order of dismissal as a summary judgment in defendant's favor. Rule 55.27(b).

We take from plaintiff's brief his explanation for the mistaken filing of his original lawsuit in Jackson County:

> Certain things should be said on behalf of Plaintiff's attorney in this case concerning this allegation that Plaintiff was negligent in not filing this case in Platte County, Missouri were (sic) proper venue lies on this case. First of all, Platte County is a county of a county that is contiguous or very close to Jackson County, Missouri. Plaintiff's attorney was frankly unaware that Park College was located in Platte County, Missouri. Second, when Plaintiff came to Plaintiff's attorney to request that Plaintiff's attorney file this current lawsuit on behalf of the Plaintiff, Plaintiff came to see Plaintiff's attorney after *July 1, 1982*, and Plaintiff's attorney in researching the Statute of Limitations in Missouri on this case knew that the lawsuit had to be filed on or before July 8, 1982, or Plaintiff's lawsuit was subject to being dismissed for failing to comply with Missouri's Statute of Limitations under Section 516.120. [Emphasis in original.]
>
> . . . .
>
> It is the contention of the Plaintiff and Plaintiff's attorney that the Plaintiff act-

ed in good faith in filing this action in that Platte County, Missouri, is contiguous and/or very close to Jackson County, Missouri, and thus is somewhat similar to the *Wente* case, supra. Plaintiff's attorney was under a time limitation in that he knew that he had to file this lawsuit within just a few days of Plaintiff coming to Plaintiff's attorney to hire Plaintiff's attorney to represent Plaintiff in this action. Plaintiff's attorney states that he did act in good faith and really thought that Park College was located in Jackson County, Missouri. Plaintiff's attorney did not have time to make inquiry that he would otherwise have made as to what county Park College was located in. Plaintiff's attorney did not even have time to find out who the Defendant's Service Agent was in Missouri.

Furthermore, Defendant, if the Defendant had wanted to do so, could have defended the action in Jackson County, Missouri, since the Jackson County, Missouri, Circuit Court would have jurisdiction to hear the case. Plaintiff's cause of action against the Defendant was a good cause of action and not a void cause of action as in *Mertens* case, supra. Because of the time limitations on the Plaintiff's attorney and the fact that Park College was located in a county contiguous to Jackson County, Missouri, and very near Jackson County, Missouri, Plaintiff states that he has made an innocent mistake and has acted in good faith in filing the action originally in Jackson County, Missouri, and thus he should be granted the benefit of the tolling statute of Section 516.230.

We reject plaintiff's argument as excusing his failure to ascertain that Jackson County was not the proper venue, and hold as a matter of law that plaintiff's negligence in filing his original lawsuit in Jackson County, rather than in Platte County, deprived him of the time extension provided by Section 516.230. We quote the appli-

cable criterion from *Phillips v. Whittom*, 354 Mo. 964, 192 S.W.2d 856 (1946):

> The rule announced in the *Wente* case is that if the plaintiff makes an "innocent mistake" in filing his previous action he will not be denied the benefit of the tolling provision of the statute. And a New York decision ... is cited, which makes the criterion "good faith" .... Good faith, however, generally imposes a duty on the obligor to use reasonable diligence—the diligence that an honest man of ordinary prudence is accustomed to exercise.... The defendant in the litigation also has some rights, and is entitled to complain of an unreasonable and unjust abuse of the process of the courts. Hence the *Wente* and *Krueger* cases, supra, both recognize that the negligent bringing of a void action will *not* toll the statute of limitations if the plaintiff's negligence be great enough. [Citations omitted; emphasis in original.]

192 S.W.2d at 857.

Plaintiff says that his mistake was an innocent mistake, made in good faith, and that his negligence was only slight, from which he argues that he is entitled to the benefit of the statutory extension. He relies upon *Wente v. Shaver*, 350 Mo. 1143, 169 S.W.2d 947 (Mo.1943), where the court held that the plaintiff's negligence, if any, was slight in filing plaintiff's case in St. Louis City instead of St. Louis County where both the plaintiff and the defendant resided. *Id.* at 169 S.W.2d at 954. The plaintiff's attorney in *Wente* had consulted a recently published telephone book from which he had concluded that defendant resided in St. Louis City. This conclusion, although wrong, was apparently considered by the Missouri Supreme Court as a reasonable good faith mistake. The Supreme Court of Missouri reversed the trial court, which had dismissed plaintiff's petition as being barred by the statute of limitations. The *Wente* case is much different from the case before us, where the plaintiff's attorney simply made no inquiry or investigation at all, and where, if he had made the slightest inquiry, would have found that Parkville and Park College were not in Jackson County.

The case before us is unlike a case against an individual of uncertain address, or against one who might on any given day be found in the county of plaintiff's residence. This was a suit against a defendant of a certain and unchanging location. In any Missouri law office, or certainly in any Jackson County law office, would be several reference sources which would show Parkville to be outside Jackson County. A telephone call to one of many reference sources would quickly give the correct location of Parkville and of Park College. That plaintiff's attorney had "only a few days" to file the suit after plaintiff employed him does not excuse his failure to ascertain what might have been ascertained in five minutes. For that matter, the fact that plaintiff authorized his attorney to file suit only within days of the expiration of the statute of limitations period was the plaintiff's fault. Plaintiff did not exercise reasonable diligence as required by *Phillips v. Whittom*, supra, and the statute of limitations was not extended by the period of the pendency of the lawsuit in Jackson County and by the additional year accorded by Section 516.230.

Plaintiff points out, still seeking to bring himself within Section 516.230, that the defendant might have waived venue and filed an answer in the Jackson County Circuit Court. Plaintiff does not claim, though, that he was relying on any reasonable anticipation that defendant would waive venue when he filed the case in Jackson County, and the fact is the defendant did not waive venue. This argument does not help the plaintiff. A similar argument was made in *Conrad v. McCall*, 205 Mo.App. 640, 226 S.W. 265 (1920) and was rejected.

Judgment affirmed.

All concur.