Jennifer Lee Duncan CRISWELL, a
minor, et al., Appellant,

v.

REMINGTON ARMS COMPANY,
INC., Respondent.

No. 49445.

Missouri Court of Appeals,
Eastern District,
Division Six.

Sept. 24, 1985.

Motion for Rehearing and/or Transfer
Denied Oct. 28, 1985.

Application to Transfer Denied
Dec. 17, 1985.

Anthony L. Anderson and William H. Jennings, Anderson, Preuss & Bachman, Clayton, for appellant.

Edward S. Meyer and John L. Crenshaw, Evans & Dixon, St. Louis, for respondent.

CRIST, Presiding Judge.

Appeal from the dismissal of a wrongful death action on the ground the statute of limitations had expired on the claim. We reverse and remand.

Decedent died on March 5, 1981, allegedly when shot with the wadding from a blank cartridge manufactured by defendant. Plaintiff, decedent's daughter, filed an action for wrongful death and products liability in the Circuit Court of the City of St. Louis on March 5, 1984. Process was served on defendant's registered agent, CT Corporation, within the City of St. Louis, but defendant itself did not maintain any office for the regular course of its business within that city. On defendant's motion, the cause was dismissed without prejudice for improper venue on May 2, 1984.

Ten days later, on May 12, 1984, plaintiff refiled her action in the circuit court of St. Louis County, where decedent had been injured. Service was again accomplished through CT Corporation. On June 20, 1984, defendant moved to dismiss the petition because the statute of limitations had expired and therefore the suit was untimely filed. The motion was sustained and this appeal followed.

■ An action for wrongful death must be commenced within three years of the death, or it is barred. Section 537.100 RSMO (Cum.Supp.1984). That section also provides:

> ... that if any such action shall have been commenced within the time prescribed in this section, and the plaintiff therein take or suffer a nonsuit, ... such plaintiff may commence a new action from time to time within one year after such nonsuit suffered....

*Id.* This provision, construed as a savings statute, applies to allow the refiling of an action commenced on time but in an improper forum if the initial suit was filed in good faith and the mistake as to the proper forum was innocent, and not negligent.

*Ellmaker v. Goodyear Tire and Rubber Company,* 372 S.W.2d 650, 654–55 (Mo. App.1963).

■ In the case *sub judice,* it is admitted that plaintiff's action was commenced on time in the City of St. Louis. Timely filing of this action "suspended the running of the limitation period," if this action was commenced without negligence and in good faith, but in the wrong forum by an innocent mistake. *Tice v. Milner,* 308 S.W.2d 697, 703 (Mo.1957). The record does not establish any negligence or lack of good faith so as to disqualify plaintiff's claim for the benefit of the savings statute. Neither side presented any evidence on the questions of plaintiff's negligence, good faith, or innocent mistake. The only evidence presented was an affidavit in opposition to the motion.

■ Defendant argues the commencement of the suit in the City of St. Louis following this court's decision in *State ex rel. Whaley v. Gaertner,* 605 S.W.2d 506 (Mo.App.1980), in and of itself establishes plaintiff's negligence and bad faith. However, prior to *Whaley,* plaintiff's choice of forum, the City of St. Louis, was at least arguably proper. Therefore, we do not believe the mere filing of this action after the decision in *Whaley* in and of itself proves plaintiff's mistaken choice of a forum was negligent or in bad faith. *Ellmaker,* 372 S.W.2d at 654–55, and cases cited therein, "[T]herefore, the second action, commenced within one year of the dismissal [of the action commenced in the City of St. Louis], was not barred. *Tice,* 308 S.W.2d at 703 [7].

The judgment is reversed and remanded for trial.

SATZ and KAROHL, JJ., concur.