**LaRene RICHARDSON,
Plaintiff/Appellant,**

v.

**Ronald R. RICHARDSON,
Defendant/Respondent.**

**No. 65931.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 27, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 31, 1995.

Application to Transfer Denied
March 21, 1995.

James M. Daly, Franklin H. Albrecht, St. Louis, for appellant.

Grant Q. Haden, Springfield, Terese Adele Drew, St. Louis, for respondent.

CRAHAN, Judge.

LaRene Richardson ("Plaintiff") appeals the trial court's dismissal of her cause of action against Ronald Richardson ("Defendant") for personal injuries sustained in an automobile accident. The court determined the petition was filed beyond the statute of limitations set forth in § 516.120 RSMo

1986 [1], and ordered the cause dismissed, finding she was not entitled to invoke the benefit of § 516.230, referred to as the "savings statute." We reverse and remand.

The facts on appeal are not in dispute. On July 3, 1986, Plaintiff was riding as a passenger in a vehicle driven by Defendant when it was involved in a collision with another vehicle in Audrain County, Missouri. Plaintiff and Defendant were residents of St. Clair County, Illinois. The other driver involved was Peter Leach ("Leach"), a resident of Greene County, Missouri.

Although aware of the parties' residences and the location of the accident, Plaintiff's attorney filed an initial petition ("Petition No. 1") on June 25, 1991, in the Circuit Court of the City of St. Louis, against both Defendant and Leach, seeking to recover for injuries sustained in the accident.[2] Thereafter, Leach filed a motion to dismiss the petition, alleging improper venue in the City of St. Louis. That motion was granted by the court on September 20, 1991. Although Defendant filed a similar motion to dismiss, this motion was never ruled upon for reasons not disclosed by the record. Thus, Petition No. 1 remained pending against Defendant until June 26, 1992, when it was dismissed by the circuit court, without prejudice, for failure to prosecute.

Prior to suffering this nonsuit, Plaintiff had filed a new petition ("Petition No. 2") on October 10, 1991, in the Circuit Court of Greene County, Missouri, also against Defendant and Leach, seeking to recover for her injuries. Subsequently, on June 25, 1993, Plaintiff filed yet a third petition ("Petition No. 3"), once again in the Circuit Court of the City of St. Louis, but this time against Defendant only. Thereafter, on July 27, 1993, Plaintiff dismissed without prejudice Petition No. 2 as to Defendant. The cause alleged in Petition No. 2 is still pending against Leach in Greene County, Missouri.

On August 9, 1993, Defendant filed a Motion to Quash, or in the Alternative, to Dismiss Petition No. 3, alleging, among other things, that Petition No. 3 was filed more than five years after the occurrence of the accident, and was thus barred by § 516.120, the applicable statute of limitations. On March 29, 1994, the Circuit Court of the City of St. Louis granted Defendant's motion and held that Plaintiff was not entitled to invoke the benefit of § 516.230,[3] commonly known as the "savings statute." Plaintiff appeals from this dismissal.

■ This case presents the question of whether a plaintiff who suffers a nonsuit on an initial petition may invoke the one-year savings statute where the initial petition was filed within the applicable period of limitations, but was knowingly filed in a court of improper venue. We hold that proper venue in the filing of an initial petition is no longer a prerequisite to the subsequent invocation of § 516.230, regardless of the plaintiff's lack of good faith.

Defendant relies on a long line of cases he characterizes as holding that a plaintiff's negligence in bringing an original action in a county of improper venue precludes invocation of the savings statute. *See, e.g., Emefiena v. Park College,* 682 S.W.2d 8, 10–11 (Mo.App.1984); *Webb v. Mayuga,* 838 S.W.2d 96, 102–03 (Mo.App.1992); *Criswell v. Remington Arms Co., Inc.,* 700 S.W.2d 109, 110 (Mo.App.1985); *Ellmaker v. Goodyear Tire & Rubber Co.,* 372 S.W.2d 650, 654–57 (Mo. App.1963). This characterization of the state of the case law reflects a misapprehension of the basis for the doctrine Defendant seeks to invoke.

The general rule set forth in the early cases applying the savings statute was that an action filed in a county of improper venue was void because of the court's lack of jurisdiction over the parties defendant. *Phillips*

---

1. All references are to RSMo 1986, unless otherwise indicated.

2. There is no dispute that this filing was within the five-year statute of limitations applicable to Plaintiff's cause of action alleging negligence. § 516.120.

3. Section 516.230 provides, in relevant part:

If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffers a nonsuit, ... such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered. . . .

*v. Whittom,* 354 Mo. 964, 192 S.W.2d 856, 857 (1946). Absent jurisdiction or the power to acquire jurisdiction over the parties defendant, courts reasoned that there was no pending case, and thus the plaintiff could not be said to have "suffered a nonsuit" as required for invocation of the savings statute. *See, e.g., Conrad v. McCall,* 205 Mo.App. 640, 226 S.W. 265, 266 (1920).

In *Wente v. Shaver,* 350 Mo. 1143, 169 S.W.2d 947, 951–54 (1943), however, the Missouri Supreme Court held that the manifest legislative intent to preserve a litigant's right to have a trial on the merits of his cause justified a limited exception to the general rule. Under this exception, litigants who had *by innocent mistake* filed their cause in the wrong forum would nonetheless be entitled to invoke the benefits of the savings statute and refile the action within one year after dismissal for want of jurisdiction. *Id.* 169 S.W.2d at 953–54.

Since *Wente,* cases considering the applicability of the savings statute to actions originally filed in the wrong county have consistently focused on the issue of whether the plaintiff filed the original action in "good faith" by reason of an "innocent mistake" as to the county of proper venue. If so, the savings statute could be invoked. On the other hand, if the plaintiff was guilty of negligence or bad faith in filing in the wrong county, he was not entitled to the benefit of the savings statute. *See, e.g., Ellmaker v. Goodyear Tire and Rubber Co.,* 372 S.W.2d at 654–57 (application of savings statute upheld based on finding of good faith); *Webb v. Mayuga,* 838 S.W.2d at 102–03 (same); *Criswell v. Remington Arms Co., Inc.,* 700 S.W.2d at 110 (same); *Emefiena v. Park College,* 682 S.W.2d at 10–11 (negligence in filing in wrong county precludes application of savings statute). However, the underlying basis for inquiry into the plaintiff's good faith in filing the original action in a county of improper venue remained the same—*i.e.,* that filing in a county of improper venue did not confer jurisdiction and thus could not result in a "nonsuit" within the meaning of the savings statute.

Plaintiff urges that the underlying basis for inquiry into her good faith in filing in a

county of improper venue has been eliminated by the Missouri Supreme Court's holding in *State ex rel. DePaul Health Center v. Mummert,* 870 S.W.2d 820 (Mo. banc 1994). In *State ex rel. DePaul Health Center,* the Supreme Court overruled a long line of cases linking venue and personal jurisdiction. In its opinion, the Court noted that, prior to 1989, § 506.110(1) had provided that "suits may be instituted in courts of record ... [b]y filing in the office of the clerk of the *proper* court a petition setting forth the plaintiff's cause or causes of action." *Id.* at 821–22 (emphasis in original). In 1989, however, the legislature removed the word "proper" from this section and expressly authorized courts to transfer actions filed in an improper venue to circuits having venue. *Id.* at 822. The effect of this change is that a court of improper venue may nonetheless issue summons and acquire personal jurisdiction over the defendant. *Id.*

Among the cases expressly overruled by *State ex rel. DePaul Health Center* was *Hankins v. Smarr,* 345 Mo. 973, 137 S.W.2d 499 (1940). *Id. Hankins,* in turn, was the authority relied upon in *Phillips v. Whittom, supra,* for the proposition that an original filing in a court of improper venue is "void" for lack of jurisdiction over the parties defendant, which was the underpinning for the holding that the negligent filing of a "void" action will not toll the statute of limitations. 192 S.W.2d at 857.

■ Plaintiff thus reasons that the holding in *State ex rel. DePaul Health Center* effectively overrules the cases relied upon by Defendant to the effect that a plaintiff must demonstrate good faith in filing the original action in a court of improper venue in order to invoke the savings statute. We agree. By its terms, the savings statute only requires that (1) an action shall have been "commenced" within the period of limitations; (2) the plaintiff suffer a nonsuit; and (3) a new action be commenced within a year of the nonsuit. § 516.230. A civil action is "commenced" by filing a petition with the court. Rule 53.01; *Ostermueller v. Potter,* 868 S.W.2d 110, 111 (Mo. banc 1993). There is no longer any requirement that the suit be filed in a "proper" court and filing in a court

of improper venue does not deprive the court of jurisdiction over the defendant. *State ex rel. DePaul Health Center,* 870 S.W.2d at 822. Thus, there is no occasion for any inquiry into Plaintiff's good faith.

As Defendant points out, *State ex rel. De-Paul Health Center* did not involve the savings statute and thus did not specifically consider whether good faith was still required to invoke the savings statute where venue was improper. Thus, Defendant maintains that requiring Plaintiff to demonstrate good faith is not squarely inconsistent with its holding and can be justified by Plaintiff's blatant or flagrant disregard of the venue statutes. The difficulty with this contention is twofold. First, Defendant ignores the rationale for the inquiry into good faith identified above: only if the first suit was filed in a court that lacked jurisdiction was there any reason to consider whether the plaintiff could satisfy the "good faith" exception established in *Wente.* Second, in view of the fact that improper venue no longer deprives the court of jurisdiction, to impose an additional requirement of "good faith" would require us either to add a requirement not set forth in the savings statute or to engraft a new requirement as to what is required to "commence" a civil action within the meaning of Rule 53.01. Neither action is within our prerogative.

In *Ostermueller v. Potter,* 868 S.W.2d 110 (Mo. banc 1993), the Supreme Court considered whether a plaintiff could be required to demonstrate due diligence in attempting service of process in the original suit as a condition of invoking the benefits of the savings statute. Prior decisions had imposed such a requirement based on the language of § 506.110.2 RSMo Cum.Supp.1992, which defined commencement of a civil action as "[t]he filing of a petition in a court of record, ... and suing out of process therein." The court noted, however, that Rule 53.01, which also defines what constitutes commencement of a civil action, had been amended in 1972 to delete similar language requiring "suing out of process." 868 S.W.2d at 111. Because

the Supreme Court's Rules take precedence over contrary procedural statutes unless specifically amended or annulled by the General Assembly, the Court held that, regardless of the plaintiffs' "due diligence," the original action was "commenced" as defined in the rule and the plaintiffs were therefore entitled to the benefits of the savings statute. *Id.*

The 1972 amendment to Rule 53.01 discussed in *Ostermueller* also deleted prior language defining commencement of a civil action to require filing in the "proper" court. *See* Historical Note, Rule 53.01, V.A.M.R. Under the reasoning in *Ostermueller,* if filing in a proper court is not a requirement of Rule 53.01, it is not a requirement for commencement of an action within the meaning of the savings statute. Thus, to engraft a requirement that Plaintiff demonstrate good faith in filing in the wrong court as a precondition of invoking the savings statute would impermissibly add to the express requirements of either the statute or Rule 53.01.

It is also instructive to note that the arguments favoring the due diligence requirement rejected in *Ostermueller* are substantially more compelling than those supporting the good faith requirement urged by Defendant in this case. Absent due diligence by the plaintiff in obtaining service in the original suit, the defendant may be deprived of any notice that a claim is being asserted against him until well after the normal period of limitations has run. Thus, the defendant may be prejudiced in his ability to marshall witnesses or other evidence in his defense. In contrast, where, as here, a case is filed in a county of improper venue and the defendant is promptly served, the defendant is merely inconvenienced by the necessity of objecting to venue and moving for transfer to a county of proper venue.[4] This may entail some delay, but it does not preclude the defendant from marshalling evidence in its defense in the interim. In our view, this inconvenience to the defendant does not justify the drastic remedy of dismissal of the plaintiff's action altogether, regardless of the plaintiff's good faith in filing the action in an

---

4. If necessary, the trial court's obligation to transfer suits filed in a county of improper venue may be enforced by extraordinary writ. *State ex* rel. *Elson v. Koehr,* 856 S.W.2d 57, 59 (Mo. banc 1993).

improper forum. There are ample remedies available to compensate defendants for any inconvenience they may suffer as a result of a plaintiff's bad faith in filing in the wrong county. *See, e.g.,* Rule 55.03.

For the foregoing reasons, we hold that Plaintiff's alleged bad faith in filing the original and current actions in a court of improper venue does not operate to deprive Plaintiff of the benefit of the savings statute. Prior cases to the contrary should no longer be followed. In view of Plaintiff's concession in this court that there is no basis for venue in the City of St. Louis, we further find that it is appropriate that the cause be transferred to a circuit court of proper venue pursuant to § 476.410 RSMo Cum.Supp.1993. Accordingly, the judgment is reversed and the cause is remanded with directions to reinstate the petition and transfer the cause to a circuit court of proper venue.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.